## TOLEDO TRUST CO et v KOENINGER et

Ohio Appeals, 6th Dist, Lucas Co

No 2775. Decided June 26, 1933

Brady, Yager & Bebout, Toledo, for plaintiffs in error.

Percy R. Taylor, Toledo, for defendants in error.

RICHARDS, J.

A very unusual situation arises, in that no evidence was offered on the subject of the capacity of the testator, nor whether the will was or was not the product of undue influence, nor any evidence relating to its execution or attestation, nor any evidence relating to revocation.

It appears from the first trust agreement which was executed on June 1, 1926, two days prior to the execution of the will, that this agreement constituted a living trust and conveyed to The Toledo Trust Company as trustee certain property to be administered by it for the benefit of the donor during his lifetime and his widow and daughter after his death. The agreement contained a provision that it might be amended or altered by the donor at any time. The will bears date of June 3, 1926, and contains five items. Item 1 provides for the payment of debts and funeral expenses and item 2 bequeaths to the widow the furniture and other personal property in the residence. Item 3 directs that the remaining property belonging to the testator at the time of his death should be delivered, transferred and conveyed to The Toledo Trust Company to be managed and disposed of in accordance with the terms of the trust agreement already mentioned. Item 4 directs that as soon as possible after the testator's death his executor should pay and deliver to the trustee all of the testator's property after payment of his debts and the costs of administration. Item 5 merely nominates and appoints The Toledo Trust Company as executor.

On June 12, 1926 Gustave Waldner entered into a supplementary agreement with The Toledo Trust Company, trustee, by which he directed it to convey certain real estate to two designated nephews upon his decease. Each of the trust agreements was duly executed and witnessed by two wit-

nesses. Under the provisions of §8617 GC, no doubt can exist of the validity of the two trust agreements, even if not executed in conformity with the law of wills. **Union Trust Co. v Hawkins, Admr., 121 Oh St, 159.** The trust agreement executed subsequent to the making of the will does not purport to revoke the will or any part thereof, but at most only has the effect of making certain portions of the will inoperative. So far as the result on the will is concerned, it is just the same as if a testator, after executing a will, should sell or convey a portion of the real estate covered by the will. As to the property so conveyed, the will of course would be inoperative, but no one would contend that such act of conveying a portion of the property embraced in the will would revoke the will either wholly or pro tanto, and the will would still remain the last will and testament of the testator, to be probated as such at the proper time. So, in the case at bar, the supplementary agreement executed nine days after the will, does not in any sense revoke the will or any portion of it. If uncertainty arises as to the interests which pass under the will and under the trust agreement, the law provides an appropriate method for construing the instruments and thus determining such controversy.

The proceedings to contest a will are governed by statute especially adapted to that purpose and none other. The method of conducting the trial is meticulously provided for and the only issue to be determined is whether the will is or is not the valid last will and testament of the testator. The construction to be placed upon the instrument, or upon any other document, is in no wise involved in such a proceeding, and we know of no reason or authority which would justify transforming the action into one to construe the meaning of the language used.

Reliance is placed by the defendants in error on **Collins v Collins, 110 Oh St, 105,** but that was a case where certain items of the will were specifically revoked by a codicil and the principle there involved is entirely different from the one in the case at bar.

Reliance is also placed on **Atwood v Rhode Island Hospital Trust Co., 275 Fed., 513, 24 A.L.R., 156,** but that was a proceeding in equity and not the contest of a will.

The contestees objected and excepted because the court required them to introduce in evidence the trust agreement. If the agreement were competent evidence, it would be immaterial which party was re-

quired to or did introduce it in evidence. Unless there is something in the trust agreement shedding light on the capacity of the testator to execute a will, we regard its introduction in evidence as wholly immaterial.

The petition avers that the contestant was born on September 23, 1909 and it appears that the will was probated on October 23, 1928 and the action was brought on July 3, 1931. It is urged that no evidence was offered as to plaintiff's minority and for this reason it is said that by lapse of time no right of action existed in her to bring an action to contest the will at the time the petition was filed. The court had, however, made up an issue on the journal to be submitted to the jury to try solely the question whether the instrument was the last will and testament of the testator, the judge probably having ascertained from the language of the trust agreement that she was born on September 23, 1909, that fact being recited therein. However, as the case must be remanded to the Common Pleas Court for further proceedings, the matter becomes of slight moment.

For the reasons given the judgment will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.